mc

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Carlos Ayala, )
    Plaintiff, )
                 )
-vs- )
                 )
                 )
Internal Affairs Officer J. Clements, )
Internal Affairs Officer Joel Shaw, )
Internal Affairs Officer W. Barlog, )
Adjustment Committee Chairman Helen R. )
Hamilton, Adjustment Committee )
Chairman Aberardo A. Salinas, Warden )
Michael Lemke, Warden Randy Pfister, )
Counselor Eilts, Grievance Officer/ )
Counselor II Hastings, Major Trancoso, )
Director S.A. Godinez, Administrative )
Review Board Debbie Knauer, John/ )
Jane Doe's Designees for above )
Defendants, in their individual and )
official capacity, )
        Defendants. )
                 )
                 )

RECEIVED

OCT 03 2016 AS

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

16c 9472
Judge Rebecca R. Pallmeyer
Magistrate Judge Michael T. Mason
PC7

JURY TRIAL DEMANDED

PRELIMINARY STATEMENT

1. This is a civil rights action in which the Plaintiff seeks relief for the defendants' violation of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), and the Eighth and fourteenth Amendments to the United States Constitution. The claims arise from a series of occurrences from September 5, 2013, continuing until the present in which defendants, among other things, denied Plaintiff due process of laws and were deliberately indifferent to objectively seriously risks to plaintiff's health, safety and well being. Plaintiff seeks a preliminary injunction, compensatory and punitive damages, declaratory and injunctive relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and the Eighth and fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) (i) as at least on defendant resides in this judicial district, and all parties are residents of Illinois.

## PARTIES

4. Plaintiff is an Inmate at Pontiac Correctional Center, 700 west Lincoln Street, P.O. box 99, Pontiac, Illinois. 61764.

5. Defendants are employees of the Illinois Department of

2 of 12

Correction ("IDOC") who were employed at Stateville Correctional Center, 16830 Illinois 53, Crest Hill, IL 60403, Pontiac Correctional Center, 700 West Lincoln Street, Pontiac, IL 61764, administrative Review Board, P.O. box 19277, Springfield, IL 62794-9277 at all times relevant to this Complaint.

6. At all relevant times, Defendants acted in their official Capacity under color of state law.

7. The individual Defendants are sued in their individual Capacities.

<u>STATEMENT OF FACTS</u>

8. On September 5, 2013, the Plaintiff was housed at Stateville Correctional Center.

9. On or about September 5, 2013, an alleged altercation occurred at Stateville Correctional facility between inmates and Correctional staff when a group of inmates were being escorted from Catholic Services to their cells. As a result of this altercation, a number of both Correctional staff and inmates were injured.

10. On September 5, 2013, the Plaintiff received a INvestigation status report authored by Defendant W. Barlog and Joel Shaw. On October 5, 2013 plaintiff Received a disciplinary Report Authored by Defendant J. Clements and Joel Shaw. The report charged the Plaintiff with a violent assault. The ticket detailed that the Plaintiff was identified by a Confidential informant as having knowledge of the assault that occurred between inmates and

Correctional Staff on September 5, 2013. According to the tickets the Confidential informant stated that the Plaintiff was made aware of this assault at catholic Services immediately Prior to the assault on September 5, 2013. According to the report and the Confidential informant, the Plaintiff instructed the inmates planning the Assault to wait and perform the assault on a different day. The report goes on to state that the Plaintiff violated administrative directives by Conspiring to violently assault Corrections staff on a later date. In addition, the report alleges that since the plaintiff is a Known member of a Security threat group, by Conspiring to assault Corrections staff, he violated Condition of 20 Ill. ADM Code Chi I sec. 504- engaging in unauthorized Security threat group activities.

11. The Plaintiff denies any and all allegations of this Confidential informant. The Plaintiff did not participate in any such activities detailed by the Confidential informant. He did not plan any assault on any Correctional Staff on September 5, 2013 Nor did he physically assault or assist in any assault of Correctional Staff on September 5, 2013. Plaintiff contends that defendants Never possessed any evidence to Substantiate any of the disciplinary infraction the Accused plaintiff Committing.

12. The report turned into a disciplinary ticket, which was approved by J. Clement and Joel Shaw, which was ultimately approved by the warden of stateville michael Lemke And warden of pontiac warden Randy Pfister. As a result of this report, the Plaintiff was sent to Pontiac Correctional Center, and Sentenced to Indeterminate

Segregation.

13. The Plaintiff sent Numerous letters, grievances, etc to Numerous Correctional Staff protesting this report and this disciplinary status but to No avail. On October 5, 2013 plaintiff Sent a request for Continuance to prepare Defence Addressed to defendant(s) Helen R Hamilton and Aberardo A. Salinas, (Adjusment Committee Chairman) through institutional mail Service. On October 9, 2013 plaintiff handed A Copy of request for Continuance to Defendant(s) Helen R. Hamilton and Aberardo A. Salinas (Adjustment Committee Chairman) which was ignored or denied because the Hearing Commenced. On October 9, 2013 plaintiff Handed a Copy of written Statement In Opposition of the September 5, 2013 Disciplinary report that was Against him. On October 23, 2013, October 29, 2013, November 4, 2013 Plaintiff Wrote Adjustment Committee Requesting results of Disciplinary Hearing(s). On October 23, 2013, October 29, 2013, November 4, 2013 Plaintiff wrote Counselor Eilts Requesting results of Disciplinary Hearing(s). On October 29, 2013 Plaintiff Wrote Randy Pfister Requesting/ informing His Staff has failed to provide Plaintiff with results of Disciplinary Hearings. On July 16, 2014 Plaintiff wrote Office of the Governer informing IDoc Staff has failed to provide Results of Decision. ALL request were ignored or denied because Plaintiff Never Received the results of hearing. On November 12, 2013 Plaintiff Filed grievance in opposition to September 5, 2013 Disciplinary report. On September 30, 2014 Plaintiff filed a Supplemental Grievance in opposition to Sep 5, 2013 Disciplinary report. On February 14, 2014 Plaintiff filed grievance appeal to Administrative Review Board. The Plaintiff had Numerous hearings in front of Correctional Officers

5 of 12

in Pontiac Correctional Center protesting these false charges and proclaiming his innoconce. Prior to the hearings, the Plaintiff requested numerous requests to his Counselor Defendant Eilts, Defendant Warden Pfister, and Defendant Lt Hamilton for assistance in interviewing witnesses, to review security camera footage, as well staff assistance in putting together his defense. All of these requests were either ignored or denied. Plaintiff pled "Not Guilty," at the hearings and provided the board with multiple pieces of evidence that supported this finding.

14. On October 9, 2013, Plaintiff ticket and disposition of guilt was entered. Hence, the Plaintiff was unjustly put in Indeterminate Segregation for one year period of time, and suffered as a result.

15. While in Indeterminate Segregation at Pontiac Correctional Center, Plaintiff's was placed in an isolated cell away from the general population. The cell front was difficult to see and hear through.

16. Plaintiff was forced to live in conditions with that were indifferent to his health and safety. Plaintiff cell light switch was damaged, so he had no control over the lighting in his cell. At times, Plaintiff lights were left on for extended periods, while at other points the lights were kept off. Keeping the lights on during sleeping hours caused Plaintiff sleep deprivation and headaces.

17. Plaintiff also suffered from sleep deprivation from the mentally ill Segregation inmates kicking, banging on cell doors along with

yelling at all hours.

18. During the summer, the conditions were equally unbearable. Plaintiff Cell was hot because of plastic cell fronts and was denied Acces to ventalation. Industrial fans were provided in all of the galleries in pontiac but they did not work at times in administrative detention.

19. At times, water would leak in the ventilation of Plaintiff's cell causing it to smell like mildew. Plaintiff did not have cleaning supplies or hot water to clean the smell. Despite the fact that rodents and bugs left feces in his cell, Plaintiff had no broom or mop to clean his cell, and Plaintiff's wing was only swept and mopped a total of once every two months if that.

20. Plaintiff Complained to cell house staff and major Trancoso.

21. Toilets in Plaintiff's Cell unit backed up and flooded. Plaintiff's cell was routinely flooded with urine, toilet paper, and feces.

22. Plaintiff was only allowed to shower one time per week while at Pontiac. The Showers had no ventilation and were covered in dirt and mold. In addition, Plaintiff was forced to stand in old water from other inmate's showers due to lack of drainage.

23. Mice/Rodents, Ants, Roaches, and other bugs infested Plaintiffs cell and property.

24. During the winter, Plaintiff was subject to extreme cold. The windows in the cell House was wraped in plastic poorly, Allowing

cold air to seep in during the winter. Plaintiff was only given a outside the cell heater to keep warm, and it did little to alleviate the cold temperatures. IN fact, plaintiff was able to see his own breath as it condensed in the cold.

25. At Pontiac, the building in which Plaintiff was housed was rarely swept or mopped. The shower were filthy, and covered in soap scum, mildew, and mold. His cell was infested with ants, mice, and bugs. Due to this infestation, the smell of feces and urine was a daily occurance. Mentally ill segregation inmates are housed in plaintiff unit. When officers use pepper spray to subdue them, the chemicals from the pepper spray are ventilated into plaintiffs room, causing his eyes to become irritated, cough, throw up, GAG, Asthma triggers.

26. Throughout his stay at Pontiac, Defendants, Randy Pfister, Major. Trancoso, and Counselor Eilts were made aware through complaints of these conditions and disregarded risk of harm to Plaintiff.

## COUNT 1
### (DUE PROCESS)

27. Each of the paragraphs in this Complaint is incorporated as if restated fully herein.

28. Defendants', Internal Affairs officer J. Clements, Internal Affairs officer Joel Shaw, Internal Affairs officer W. Barlog, Adjustment Committee Chairman Helen R. Hamilton, Adjustment Committee chairman Aberardo A. Salinas, warden Michael Lemke, warden Randy Pfister, Counselor Eilts, Grivance officer/Counselor II Hastings, Major Trancoso

Director S. A. Godinez, Administrative Review Board Debbie Knauer, Guy Pierce, Chad Brown, Marcus Hardy, acts and omissions caused Plaintiff to be placed in administrative Detention And still in Administrative detention. This imposes an atypical and significant hardship on plaintiff in relation to the ordinary incident of prison life.

29. Defendants act of placing and continuing to hold Plaintiff in Indeterminate Segregation / Administrative Detention without allowing the Plaintiff to obtain valuable Expulpatory evidence, where Plaintiff was not guilty of an infraction, violates Plaintiff liberty interest and due process rights Secured under the fourteenth Amendment of the U.S. Constitution. Plaintiffs violated And continue violating liberty interest and Due process right.

30. As a proximate result of Defendants Conduct, Plaintiff has suffered deprivation of the right Secured under the Constitution and laws of the united States. Such deprivation caused immediate and irreparable injury. Plaintiff has no adequate remedy at law to address the wrongs described herein.

## COUNT 2
(DELIBRATE INDIFFERENCE TO AN OBJECTIVEly — SERIOUS CONDITION PONTIAC)

31. Each of the paragraphs in this complaint is incorporated as if restated fully herein.

32. Defendants, Randy Pfister, Major Troncoso, and Counselor Eitts,

subjected plaintiff to conditions of confinement at Pontiac Correctional Center that constituted a deprivation of basic human needs, including exposure to, infliction of and failure to address the following conditions:

    a. rats, mice, vermin and other insects;

    b. excessive heat;

    c. excessive cold;

    d. inadequate sanitation, including lack of hot water, and lack of access to cleaning supplies;

    e. inadequate ventilation;

    F. exposure to pepper spray;

    G. mold and mildew.

33. These deprivation of basic human needs is serious and excessive, given that they pose serious harm or serious risk of harm to plaintiff's health and safety.

34. Despite having actual knowledge of the serious risks posed to plaintiff's health and safety, Defendants disregarded those risks and took no actions to rectify them. As such, Defendants have acted with deliberate indifference toward serious deprivations of the Plaintiff's basic human needs.

35. Defendant's Actions have deprived the Plaintiff of his right to be free from cruel and unusual punishment and demonstrate a reckless and callous disregard of his rights. As such, Defendants have violated and continue to violate the rights of Plaintiff protected by the Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983.

## COUNT 3
### (INDEMNIFICATION)

36. Each of the paragraphs of this complaint is incorporated as if restated fully herein.

37. Illinois law provides that public entities are directed to pay any tort judgement for compensatory damages for which employees are liable within the scope of their employment activities.

38. The Defendant Officers are or were employees of the Illinois Department of Correction who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a —

11 of 12

Jury;

c. Preliminary injunction enjoining Defendants' continual violations of Plaintiffs' Constitutional rights;

d. Costs, interest, and attorney's fees;

E. Such other and further relief as this court may deem just and proper, including injunctive and declaratory relief.

Respectfully Submitted,

/s/ _____

CARLOS Ayala

Date: September 28, 2016

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Carlos Ayala,

      Plaintiff,

-vs-

Internal Affairs officer J. Clements,
Internal Affairs officer Joel Shaw,
Internal Affairs officer W. Barlog,
Adjusment Committee Chairman Henten R.
Hamilton, Adjustment Committee Chairman
Aberardo A. Salinas, Warden Michael
Lemke, Warden Randy Pfister,
Counselor Eilts, Grievance Officer/
Counselor II Hastings, Major Tranroso,
Director S.A. Gordinez, Administrative
Review Board Debbie Knaver, John/
Jane Doe's Designees for above
Defendants, in their individual and
Official Capacity,
      Defendants.

Case NO:

## PROOF / CERTIFICATE OF SERVICE

TO: U.S. District Court Clerk
Prisoner Correspondence
219 S. Dearborn Street
Chicago, Illinois. 60604

FR: Carlos Ayala
#R 33797
P.O. box 99
Pontiac, Illinois. 61764

1 of 2

Please take Notice that on Sep 28, 2016, I placed the attached or enclosed documents in the Institutional Mail box here at Pontiac c.c. Properly addressed to the Party(s) listed above for mailing through the United States Postal Service.

Pursuant to 28 U.S.C. 1746, 18 U.S.C. 1621 or 735 ILCS 5/109, I declare under penalty of perjury, that I am a Named party(s) in the above action, that I read the above document(s) and that the information contained, therein, are true and correct to the best of my knowledge.

Date: Sep 28, 2016

RESPECTFULLY SUBMITTED,

/S/

NAME: Carlos Ayala

REG NO: # R 33797

700 West Lincoln Street

P.O. box 99

Pontiac, Illinois 61764

2 of 2